**IN THE COURT OF APPEALS OF IOWA**

No. 23-0693
Filed July 13, 2023

**IN THE INTEREST OF K.S.-M. and T.A.,**
**Minor Children,**

**K.A., Father,**
      Appellant.
_____

Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Michael M. Lindeman of Lindeman Law, Cedar Rapids, for appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Julie F. Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

A father appeals the termination of his parental rights.[1]  On our de novo review, *see In re J.H.*, 952 N.W.2d 157, 166 (Iowa 2020), we affirm.

**I. Background Facts & Proceedings.**

K.A. is the father of K.S.-M., born in 2019, and T.A., born in 2022.  The children's half-sibling, H.A., was part of the same termination hearing but has a different father.[2]

The family first came to the attention of the department of health and human services (HHS) in 2020 following allegations of drug use and domestic violence between the father and mother.  In October, the HHS worker was meeting with the mother and her sister, who often took care of K.S.-M., when two men broke into the apartment and acted aggressively toward the occupants.  The father was one of the men, and the worker believed he was under the influence of drugs or alcohol.  A child-in-need-of-assistance (CINA) petition was filed as to K.S.-M.  The mother participated in services, had an extended period of sobriety, and the CINA proceedings were closed in September 2021.

In February 2022, the mother and T.A. tested positive for methamphetamine and marijuana when T.A. was born.  The next month, CINA petitions were filed for K.S.-M. and T.A.  The father and the children went to stay with the paternal

---

[1] The mother's parental rights were also terminated.  She does not appeal.

[2] The father attempts to appeal the termination of rights regarding H.A.  However, since he is not H.A.'s biological father, he had no parental rights for the court to terminate relating to H.A., and he does not have standing to challenge the termination of H.A.'s biological parents' rights.  *See Godfrey v. State*, 752 N.W.2d 413, 418 (Iowa 2008) (requiring a litigant to "(1) have a specific personal or legal interest in the litigation and (2) be injuriously affected" to have standing to challenge a statute).

grandmother. Although the children were in his custody, the father and his girlfriend would rent a room at a hotel and leave the children in the grandmother's care.

In May, the father was arrested for assault and domestic abuse against the mother. The court ordered the children's removal from parental care and placement with the paternal grandmother. The father's visitation was ordered to be fully supervised.

In July, the father bonded out of jail and began having unsupervised contact with the children at the grandmother's home. During a visit, the HHS worker found the children in the father's care while the grandmother was working. The father smelled of alcoholic beverages, and he admitted he had been drinking. The children were moved to family foster care. At the request of HHS, the court ordered the father "to complete a substance abuse evaluation, drug testing, a psychological evaluation, and participate in an approved program to address the concerns of domestic violence." He participated in a substance-abuse evaluation in September, telling the evaluator he had been sober for four months—he did not admit his alcohol use witnessed by HHS in July.

Although the father was arrested in December of 2022 for theft, the court the following month extended the case permanency goal for sixty days, with hopes the father would make progress and reunify with the children. The guardian ad litem had recommended against an extension, noting the father's regular alcohol use, failure to take interest in the children's medical care, a lack of honesty on multiple fronts, and allegations of domestic violence. The court ordered the father to participate in the children's appointments, participate in a domestic violence

program, cooperate with drug and alcohol testing, and complete substance-abuse and psychological evaluations, following through "with any and all recommendations." The father completed a psychological evaluation in January, but HHS noted inconsistencies in his self-reporting, particularly his alcohol use.

The father was again arrested during the sixty-day extension, this time for driving while barred.

The father failed to ensure the children attended necessary medical appointments; did not sign necessary releases for T.A.'s treatment; and, after they had been placed in foster care, attended the children's appointments sporadically.[3] He did not exhibit interest or ask the foster family any questions when T.A. was briefly hospitalized. When questioned during the termination trial, he claimed he did not remember or recall any participation in K.S.-M.'s first CINA case, nor meeting with HHS caseworkers investigating allegations he hit the mother while she held the child, which occurred less than two years earlier.

The court terminated the father's parental rights under Iowa Code section 232.116(1)(h) (2022).[4] The father appeals, challenging the ground for termination and asserting termination is not in the best interests of the children.

---

[3] T.A. was born eleven weeks premature and had recurring appointments for nine months to monitor her development.

[4] Iowa Code section 232.116(1)(h) allows the court to terminate parental rights if "all of the following have occurred":

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

**II. Analysis.**

The father challenges the ground for termination of his parental rights. The first three elements for termination under section 232.116(1)(h) are clearly met. K.S.-M. and T.A. were adjudicated CINA in April 2022, and both were three years of age or younger at the time of the termination hearing in March 2023. *See* Iowa Code § 232.116(1)(h)(1), (2). The children were removed from parental custody in May 2022—ten-months before the termination hearing. *See id.* § 232.116(1)(h)(3). The father does not contest these elements. He only contests the fourth element: "[t]here is clear and convincing evidence that the child[ren] cannot be returned to the custody of the child[ren]'s parents . . . at the present time." *Id.* § 232.116(1)(h)(4). "[A]t the present time" means at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

The juvenile court found the father was not a credible witness, stating, "Throughout the case, [the father]'s honesty was questionable." The court noted several occasions where the father gave multiple explanations for problem behavior, his testimony was directly contradicted by his own witnesses, his denial of participating in K.S.-M.'s prior CINA, and his misrepresentations of his criminal behavior. The father did not demonstrate the ability to reliably attend the children's medical appointments, follow through with arranging additional appointments, or ensure medications were taken as needed. The father was also dishonest in the evaluations ordered by the courts about his alcohol use.

---

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

On our review of the record, we find extremely concerning the multiple bouts of domestic violence by the father against the mother during this case and during the prior CINA case for K.S.-M., all of which the father denied or claimed not to remember. *See J.H.*, 952 N.W.2d at 168 (stating a parent with a history of domestic violence "must work to change the documented reputation they have established through their actions in past . . . cases," even if it is not a prevailing concern in the current case). In fact, the father's own memory of his problem behaviors, which put the children at risk, was either nonexistent or conveniently vague. He was not consistent in getting himself—or the children when in his care— to necessary medical appointments. In the year the CINA cases were open, the father accrued several criminal offenses, casting doubt on the stability of any home he might provide. We find clear and convincing evidence the children cannot be returned to the father's custody at the present time.

The father also asserts termination is not in the children's best interests because of their bond and his love for them. In considering the best interests of the children, we consider their safety, the best placement for their long-term growth, and "the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). Our best-interests analysis also includes considering the children's integration into a foster family. *Id.* § 232.16(2)(b). We consider the children's long-range and immediate interests, including the child's future if returned to the parents. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). "When making this decision, we look to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future." *Id.* (citation omitted).

The juvenile court found the children "need and deserve a sober, violence-free, and stable home and their parents have not demonstrated any ability to provide such a home for any significant period of time." The court noted the father delegates much of the children's care to the grandmother and his girlfriend, despite their failure to meet the children's medical needs when the children were in their care in summer 2022. We agree with the court's observations and note the children are integrated into their foster family, which includes two half-sisters: H.A. and an older child. The father is not the best placement for the children's long-term growth or needs, and we find termination of his parental rights is in the children's best interests.

**AFFIRMED.**